**NOT FOR PUBLICATION**

JAN 28 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALVIN RONNEL ROSS,

  Plaintiff - Appellant,

v.

D. LATRAILLE; J. CALLOW,

  Defendants - Appellees.

No. 14-16764

D.C. No. 1:08-cv-01886-GSA

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding[**]

Submitted January 20, 2016[***]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

  Alvin Ronnel Ross, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging a First

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Amendment retaliation claim arising out of his removal from his work assignment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Ross' retaliation claim against defendant Callow because Ross failed to raise a genuine dispute of material fact as to whether Callow's actions did not reasonably advance a legitimate correctional goal. *See id.* at 1269 (setting forth the elements of a retaliation claim in the prison context); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (explaining that it is the plaintiff's burden to prove the absence of a legitimate correctional goal and that courts "should afford appropriate deference and flexibility to prison officials" when evaluating proffered legitimate goals (citation and internal quotation marks omitted)); *see also Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995) ("Legitimate goals of a correctional institution include the preservation of internal order and discipline and the maintenance of institutional security.").

Contrary to Ross' contention, the district court addressed his state law claims against defendant Latraille when it declined to exercise supplemental jurisdiction over the claims.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**